(No. 13254.—Judgment reversed.)

THE OHIO OIL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CORA BROWN, Admx. Defendant in Error.)

*Opinion filed June 16, 1920.*

1. EVIDENCE—*common law rule as to testimony of husband or wife.* At common law husband and wife were incompetent to testify for or against one another, and they were also incompetent to testify, either during the marriage relation or after its termination by death or divorce,—even in suits to which neither was a party,— as to any matter of which knowledge was obtained in consequence of the marriage relation.

2. SAME—*statutory exceptions to common law rule do not apply except in suits between husband and wife.* The exceptions in sections 1 and 5 of the Evidence act to the common law rule as to the testimony of a husband or wife do not apply to any admissions or conversations between them or by either with third persons except in suits between husband and wife, and after the husband's death the wife is incompetent to testify to a conversation of her husband in her presence.

3. WORKMEN'S COMPENSATION—*when wife is incompetent to testify to conversation of her husband with representative of his em-*

*ployer.* In a compensation case, where the question of notice of the accident is involved, the wife of the deceased employee is incompetent to testify on that issue to a conversation in her presence between the employee and his field boss, after the injury.

4. SAME—*notice of accident and claim for compensation within statutory time are jurisdictional.* Notice of the accident within thirty days and the claim for compensation within six months are jurisdictional, and an award cannot be sustained in the absence of evidence of a compliance with these requirements of the statute.

5. SAME—*when making claim within six months after last payment by the employer does not satisfy statute.* The making of a written claim for compensation within six months after the last of weekly payments made by the employer does not satisfy the requirement of section 24 of the Compensation act, where said payments were made voluntarily by the employer though he denied all liability, and were not made by virtue of any contract or in accordance with provisions of the Compensation act. (*Tribune Co. v. Industrial Com.* 290 Ill. 402, distinguished.)

6. SAME—*when statutory provision for making a claim within eighteen months after an employee returns to work does not apply.* The provision of paragraph (*d*) of section 8 of the Compensation act that an employee who returns to work for the employer in whose service he was injured may file notice of his claim for compensation within eighteen months after returning to work does not apply where the employee's right to compensation, at the time he returned to work, was barred by failure to make any claim for compensation within six months after the accident, as said provision is intended to extend the right of an employee to maintain an existing claim and not to grant a new right.

WRIT OF ERROR to the Circuit Court of Crawford county; the Hon. CHARLES H. MILLER, Judge, presiding.

M. N. POE, and McCARTY & ARNOLD, for plaintiff in error.

NEWLIN, PARKER & NEWLIN, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error to the circuit court of Crawford county was allowed for the purpose of reviewing a judgment of that court which confirmed an award of compensation against the Ohio Oil Company by the Industrial

Commission in favor of Cora Brown, administratrix of the estate of William G. Brown, for the death of the intestate, who was her husband.

The points argued for reversal are, that no notice was given to the company within thirty days after the accident; that no claim for compensation was made within six months; and that there is no competent evidence that the deceased was injured in the course of his employment or that his death resulted from an injury so received.

The deceased was in the employ of the Ohio Oil Company, which was engaged in the production of oil from land leased for that purpose in Crawford county, as a pumper. It is claimed that he was injured by being struck in the face by a piece of wood which he was cutting in the course of his employment for the purpose of repairing shackle-rods and that he died from a cancer resulting from this injury. On August 29, 1916, after dinner, he went back to his work, and in a half or three-quarters of an hour his wife went to where he was at work. She testified that she had seen him cutting sticks, and when she came to the place where he was working she found him leaning against the rod line in a dazed condition, his face and hands white, the stick of wood which he had been chopping lying on the ground, and his right cheek scraped under the eye, though the skin was not broken. He remained dazed for a second or more, when he came to, and she asked him what was the matter. She was not permitted to give his answer. No effect on the eye appeared until the next day, when it darkened and remained dark for a few days. He went right on with his work. This happened on Wednesday. On Saturday Mrs. Brown went with her husband to the company's tool house and told John Raglin, the field boss under whom he was working, that he had been injured. The only evidence of the injury or the notice was this testimony of Mrs. Brown, which was objected to as incompetent. In December the eye and face began to swell and the skin was

red. The swelling grew worse gradually, but Brown continued at his work until March 22, 1917, when he went to the hospital at Robinson. He was found to have a cancer on the right side of his face, for which he was operated on the following day and afterward he received treatment there. He returned to work for the company on August 13, 1917, and worked until October 22, when his health finally broke down and he quit. The plaintiff in error paid him from December 18, 1917, until March 27, 1918, at the rate of $10 per week. It also paid the hospital bill until October 1, 1917, amounting to $228.50. Brown died on April 2, 1918, from the effect of the cancer. The opinion of two physicians who treated him, given in answer to a question based on the hypothesis that Brown received a blow on the cheek, was that the cancer resulted from the blow.

No claim for compensation was made within six months after the accident. In March, 1917, Brown told Lawrence Wagner, farm foreman of the plaintiff in error, what caused the trouble to his eye, and Wagner sent him to Charles Baker, district foreman, who sent him to the hospital. Some time after the operation, J. T. Lindsay, an attorney representing Mr. and Mrs. Brown, talked with W. W. McDonald, a superintendent of the Ohio Oil Company, about Brown's financial condition, and asked him to pay Brown compensation under the Compensation act. Afterward McDonald told Lindsay that he had taken the matter up with the company and that the company refused to do anything, because it was not liable on account of not having been notified, and later that the company said the only thing to do was to institute proceedings before the board. Afterward McDonald came back to Lindsay's office at a time when Mrs. Brown was there. Lindsay told him something of Brown's financial condition,—that they were almost destitute,—and McDonald said, "Well, I just came over to see about that; Mr. Kerr and I have talked it over; we thought we would do something for him." He did not say how much they

were going to pay or why, but he held out all the time that they were not liable. No contract or settlement was agreed on and no further reference was made to the Compensation act. McDonald did not agree to pay any definite amount or for any specific time, but weekly payments of $10 (which exceeded half of Brown's wages, which were $80 a month,) were made to him after December 28, 1917, during his lifetime, by the company's cashier, who took receipts for the payments without any reference to the account on which they were paid or to the Compensation act.

The only evidence of the giving of notice to the company within thirty days after the happening of the accident is the testimony of Mrs. Brown that she heard her husband tell the field boss that he had been injured, and her competency as a witness is objected to because of her relation to the deceased. At common law husband and wife were incompetent to testify for or against one another, and they were also incompetent to testify either during the marriage relation or after its termination by death or divorce,—even in suits to which neither was a party,—as to any matter knowledge of which was obtained in consequence of the marriage relation. (*Monaghan* v. *Green,* 265 Ill. 233.) The rule has been modified by sections 1 and 5 of the act in regard to evidence, but the exceptions do not apply to any admissions or conversations between husband and wife or by either with third persons, except in suits between the husband and wife. The rule is founded in public policy, and under this statute the wife has been held incompetent to testify to a conversation of her deceased husband in her presence. (*Reeves* v. *Herr,* 59 Ill. 81.) Mrs. Brown was not a competent witness to the conversation between her husband and the field boss.

The notice within thirty days and the claim for compensation within six months are jurisdictional, and an award cannot be sustained in the absence of evidence of a compliance with these requirements of the statute. (*Haiselden* v.

283 – 30

*Industrial Board,* 275 Ill. 114; *Bushnell* v. *Industrial Board,* 276 id. 262.) On June 25, 1918, Mrs. Brown served upon the company a written claim for compensation. This was within six months after the last of the weekly payments made to Brown by the company, and defendant in error claims that these payments were made under the provisions of the act and she is therefore entitled to maintain this proceeding under the last clause of section 24. From the evidence in regard to these payments which has already been set forth, it is manifest that they were not made under the provisions of the act but were voluntarily made without reference to those provisions, the plaintiff in error denying its liability and the administratrix and her attorney knowing that it denied all liability. The case is different from that of *Tribune Co.* v. *Industrial Com.* 290 Ill. 402. In that case, as in this, no claim for compensation was made within six months of the accident, though within that time payments of compensation were made while none were made in this case. In that case a contract of settlement was made, which was approved by the Industrial Commission under the Workmen's Compensation act. The agreement of settlement recited that jurisdiction had been lost under the Workmen's Compensation act and that the settlement was purely voluntary on the part of the employer, but it was held, following *Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194, that any settlement or agreement made between an employer operating under the act and an injured · employee must be considered as having been made under the act, and is a submission to the jurisdiction of the Industrial Commission and a waiver as to any question of time limitation then existing, even though the agreement stated to the contrary. In the present case there was no agreement whatever. The employer, as the claimant's attorney knew, denied any liability and made no attempt to settle its liability or any claim made against it but suggested that the only thing to do was to institute proceed-

ings before the Industrial Commission. Later the employer, through some of its officers, determined not to settle with the employee but to "do something for him." No contract was made to pay anything,—no promise of any amount or for any time. There was nothing for the Industrial Commission to approve or disapprove, and since there was no agreement there was no waiver. The attorney testified that they did not see any use of filing the claim at that time after they were helping him out, and there would have been no use, for the claim was already barred by the lapse of time.

Paragraph (*d*) of section 8 of the Compensation act provides: "In the event the employee returns to the employment of the employer in whose service he was injured, the employee shall not be barred from asserting a claim for compensation under this act: *Provided,* notice of such claim is filed with the Industrial Board within eighteen months after he returns to such employment, and the said board shall immediately send to the employer, by registered mail, a copy of such notice." The claim is made that under this provision Brown and his administratrix were entitled to file a claim for compensation at any time within eighteen months from August 13, 1917, the date when Brown returned to work after his absence at the hospital. That provision does not apply to this case. Its intention is to extend, for eighteen months after his return to work, the right of an employee to maintain an existing claim and not to grant a right. If an employee who has been injured and has a right to compensation returns to work for the same employer, the law gives him eighteen months in which to file his claim with the Industrial Commission but does not create in him a new right which he did not have at the time he returned.

The judgment of the circuit court is reversed and the record of the Industrial Commission is quashed.

*Judgment reversed.*