No. 10,224.

THE INDUSTRIAL COMMISSION, ET AL. *v.* PEPPAS.

Decided January 9, 1922.

Proceeding under the Workmen's Compensation Act. The district court reversed the findings and award of the industrial commission.

*Reversed.*

1.  WORKMEN'S COMPENSATION—*Non-Resident Dependent—Limitation.* Under the provisions of section 62, chapter 179, S. L. 1915, regarding workmen's compensation, if no written notice of the accident shall be given to the industrial commission by a non-resident claimant within one year, and no compensation is paid within that period, the claim is barred, unless for some sufficient reason the running of the statute is delayed or postponed.

2.  *Industrial Commission—Petition for Review—Law Applicable.* Under the provisions of section 98, chapter 210, S. L. 1919, application to the industrial commission for a review of its findings and award is a prerequisite to the bringing of a court action to set aside such award.

    This section is remedial, and the law in force at the time of the ruling of the commission, is the one applicable to the claim under consideration.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. FRANK C. WEST, for plaintiffs in error.

Mr. N. C. CALOGERAS, for defendant in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

DECEDENT Peppas, a citizen of Greece, was the husband of defendant in error (hereinafter referred to as plaintiff)

and she and her children still reside there.   Peppas was injured November 14, 1916, and from the effects of that injury died four days later.   Greece was blockaded from November, 1916, to August, 1917.   Plaintiff received information of the death in November, 1917, and executed and sent to the United States a power of attorney authorizing two persons named therein to represent her in connection with any rights or claims she might have by reason of said injury and death,   No action was taken under said power of attorney.   January 6, 1920, the Consul of Greece, stationed at San Francisco, filed claim for compensation with the Industrial Commission.   August 16, 1921, the Commission rendered its findings and award denying the claim.   An appeal was taken to the district court where the findings and award were reversed.   To review that judgment the cause is now before us.

BURKE, J., after stating the facts as above.

The findings and award of the Industrial Commission can be upheld, and the judgment of the district court reversed, only upon two grounds.   1.   That the claim was not filed in time.   2.   That no motion for a rehearing was presented to the Commission.

1.   Section 62, chapter 179, L. 1915, reads in part:

"No claim to recover compensation under this act shall be maintained unless, within thirty days after the occurrence of the accident which is claimed to have caused the injury or death, notice in writing, stating the name and address of the person injured, the time and place where the accident occurred, the nature and cause of the injury, and making a claim for compensation with respect to injury and signed by the person injured, or by some one in his behalf, or in case of death, by a dependent or some one on his behalf, stating also the names and addresses of each dependent, shall be served upon the commission,   *   *   *.   Provided, however, That the failure to give any such notice or any defect or inaccuracy therein, shall not be a bar to a recovery under this act, if it is found as a fact in the

proceedings for the collection of the claim,   *   *   *   that said claimants were nonresidents; And, provided further, That if no such notice is given, and no payment of compensation has been made within one year from the date of the accident, the right to compensation therefor shall be wholly barred."

It is undisputed that no such notice was given and no payment made within one year from the date of the accident. It is contended that the existence of the war and the blockade of Greece prevented such action and excused the failure. This would be true only in so far as those facts were responsible for the failure. Plaintiff received actual information of the death in November, 1917. Conceding everything claimed on her behalf, the statute would begin to run on that date. The claim would be barred in November, 1918, and it was not filed for more than one year thereafter.

2.   Section 77 of said Act of 1915, reads in part as follows:

"No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the commission for a hearing thereon as provided in this act."

This chapter was amended in 1919, and appears as chapter 210 of the acts of that year. Section 98 thereof reads in part as follows:

"No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the Commission, or referee, or to enjoin the enforcement thereof, shall be brought unless the plaintiff shall have first applied to the Commission for a review as herein provided."

No application herein was made to the Commission for a "review," or for a "hearing" save the original hearing upon the claim. Plaintiff contends that the act of 1915 is applicable and that that portion of it, above quoted, does not relate to a review. With this position we can not agree. The "hearing" there referred to is a hearing upon

the "action, proceeding or suit to set aside, vacate or amend," and the construction to be given the section is exactly the construction which the particular language of the act of 1919 makes inevitable. They both mean the same thing. But even this construction is unnecessary because the section is remedial and the law in force January 6, 1920, at the time of the ruling of the Commission is the law applicable. That law is the Act of 1919.

In view of the foregoing the consideration of other incidental questions raised by this record is unnecessary. The judgment is reversed and the cause remanded with directions to the district court to enter judgment affirming the findings and award of the Commission.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.