(No. 14167.—Judgment reversed.)

THE CARTERVILLE AND BIG MUDDY COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY REICHERT, Admx. Defendant in Error.)

*Opinion filed April 19, 1922.*

WORKMEN'S COMPENSATION—*when amendment of 1919 allowing claim to be filed within eighteen months after return to work does not apply.* The amendment to the Compensation act in 1919 allowing a claim for compensation to be filed within eighteen months after the employee returns to work for the same employer does not apply to a case where the injury occurred more than six months before the amendment took effect and where no claim for compensation was filed within that time, no proceeding was pending and no payments were made, as the amended act could not revive a claim which was extinguished before the amendment took effect.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

CHARLES C. MURRAH, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The claim in this case is for an alleged injury and sickness of Jacob Reichert, caused by working in bad air and being overcome thereby in plaintiff in error's mine. The arbitrator found for the claimant and the Industrial Commission confirmed the arbitrator's finding and award. On a hearing in the circuit court the finding of the commission was affirmed, and the case is brought here by writ of error for further review.

Numerous questions are raised in the briefs, among others whether or not Reichert's injury arose out of and in the course of his employment by the plaintiff in error,

whether or not plaintiff in error had notice under the statute, and whether or not the Workmen's Compensation act is constitutional. In view of our finding on another point in the case we do not think it will be necessary to pass on any of those questions.

It appears from the record that the injury is alleged to have taken place March 13, 1918; that the claimant, Reichert, was home three or four days and then returned to work in plaintiff in error's mine and worked three or four days, so that his return was somewhere between the middle and last of March, 1918. The application for compensation was filed August 22, 1919, which was within eighteen months after Reichert returned to work. The amended law of 1919 went into force July 1, 1919,—which was at least fifteen months after Reichert's return to work,—extending the time for filing the claim to eighteen months. The law applicable to the case when the accident happened was the law of 1917, and under that act claim for compensation must be made within six months, and hence at the expiration of that time, (no payment having been made under the provisions of the act,) unless there was a pending proceeding the right to proceed thereafter for the claim must be held to be extinguished. (*Ohio Oil Co.* v. *Industrial Com.* 293 Ill. 461.) The law of 1919 could not be retroactive, under that decision, to revive a substantive right to the applicant's claim. If there had been a pending proceeding the situation would have been different, because then it might, perhaps, have been argued, as counsel for defendant in error seem to argue, that the law was simply a change in the procedure and would apply to pending litigation; but a new or amended act could not apply to revive a claim which had been wholly extinguished prior to its enactment, according to the law existing at the time of the new enactment, hence the applicant did not have the right to bring this action more than six months after the time of the alleged accident. *Ohio Oil Co.* v. *Industrial Com. supra.*

As the arbitrator and the Industrial Commission were without jurisdiction to hear and pass upon the claim, the judgment of the circuit court must be reversed and the record of the Industrial Commission quashed.

*Judgment reversed.*