## ROGULJ v. ALASKA GASTINEAU MINING CO.

(Circuit Court of Appeals, Ninth Circuit. April 2, 1923.)

No. 3942.

1. **Master and servant ☞398—Requirement of notice of compensation claim is limitation on right, not on remedy.**

The requirement of Alaska Workmen's Compensation Act that the beneficiary of a deceased employee must serve notice of claim upon the employer within 120 days after the death of the employee is a limitation on the right of action, which is wholly statutory, and not a mere limitation on the remedy, and is absolute and unconditional, and not subject to pleas of war conditions, waiver, or estoppel.

2. **War ☞10(2)—Existence does not suspend time limited for notice under Compensation Act.**

The existence of the war with Austria did not suspend the running of the period of 120 days within which a claimant residing in Austria was required by Alaska Workmen's Compensation Act to serve a notice of claim for the death of an employee.

3. **Master and servant ☞404—Proof of actual post office address of beneficiary of employee within Compensation Act is not proof of address furnished by employee.**

Proof that the actual post office address of the beneficiary of a deceased employee was different from the address to which notice of death was sent by the employer, as required by Alaska Workmen's Compensation Act does not tend to prove that the address given by the employee under the terms of that act, which the employer was justified in assuming was the true address, was not the address to which the notice was mailed, and such evidence was incompetent for that purpose, especially since the statement of the employee was the best evidence of its contents.

4. **Master and servant ☞403—Employer does not have burden of proving want of notice of compensation claim.**

The employer does not have the burden of proving that the notice of claim for compensation for the death of an employee was not served on it, as required by Alaska Workmen's Compensation Act.

Appeal from the District Court of the United States for the District of Alaska, Division No. 1; Thomas M. Reed, Judge.

Claim by Mary Rogulj, under the Workmen's Compensation Act, for compensation for the death of her stepson, opposed by the Alaska

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Gastineau Mining Company, employer. Judgment for defendant on directed verdict, and claimant appeals. Affirmed.

J. H. Cobb, of Juneau, Alaska, for appellant.

H. L. Faulkner, of Juneau, Alaska (W. S. Bayless, of San Francisco, Cal., of counsel), for appellee.

Before GILBERT and RUDKIN, Circuit Judges, and WOLVERTON, District Judge.

RUDKIN, Circuit Judge. The Workmen's Compensation Act of Alaska (Laws 1915, p. 146) provides that every employee coming within its provisions shall, at the time he is employed, or thereafter, furnish his employer with a written statement showing the name or names of each and all persons entitled to benefits under the provisions of the act, in case of his death as the result of an injury received by him arising out of and in the course of his employment. A change of beneficiaries, and a change of address of beneficiaries is likewise provided for. When this statement has been furnished, if the employee dies as the result of an injury received by him arising out of and in the course of his employment, the employer must, within 10 days thereafter, notify each beneficiary named in the last statement of that fact by registered mail at the last address given. The form of notice is prescribed. Within 120 days from and after the death of the employee the beneficiary must serve a written notice on the employer containing the name and address of the beneficiary, the relationship existing between the beneficiary and the deceased, and if the beneficiary is the father or mother of the deceased, the notice shall contain a further statement showing that such person was dependent upon the earnings of the deceased. With certain exceptions, not material here, the act further provides that no action or other proceeding shall be brought or maintained, nor shall any claim for such compensation be filed or allowed unless such notice shall have been served in the manner and within the time specified.

The present action was commenced by a stepmother, living in Austria, to recover compensation for the death of a stepson while in the employ of the defendant in the territory of Alaska. The answer of the defendant set forth the furnishing of the written statement and the designation of the beneficiary by the deceased, the giving of notice of death to the beneficiary within the time and in the manner prescribed by law, and the failure of the beneficiary to serve notice of her claim within the time limited by law, or at all. The reply sought to excuse the failure to serve notice of claim because of war conditions in Europe, and alleged that the defendant had waived the notice and was estopped to insist upon it because of certain representations and promises made by the defendant to a brother of the deceased. The court sustained a demurrer to the affirmative reply, and at the close of the testimony directed a verdict for the defendant.

[1, 2] The right of action created by the Alaska act is wholly statutory, and must be accepted with all the conditions and limitations imposed by law. The service of notice of claim upon the employer within 120 days from and after the death of the employee is a limitation upon the right, and not a mere limitation upon the remedy. This requirement

of the statute is absolute and unconditional. If the notice is not served, there is no right of action, and pleas of war conditions, waivers, and estoppels are of no avail. In re Murphy, 226 Mass. 60, 115 N. E. 40; In re Gorski, 227 Mass. 456, 116 N. E. 811; Poccardi v. Ott, 83 W. Va. 166, 98 S. E. 69; Industrial Association v. Peppas, 71 Colo. 25, 203 Pac. 664; Petraska v. Nat. Acme Co., 95 Vt. 76, 113 Atl. 536; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 220 S. W. 380; Ohio Oil Co. v. Industrial Commission, 293 Ill. 461, 127 N. E. 743; Bement v. Grand Rapids & I. R. Co., 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322. There was, therefore, no error in sustaining the demurrer to the affirmative reply.

[3] The notice of death was addressed to Mary Rogulj, Podaca, Austria. Upon the trial the appellant offered testimony tending to show that her post office address was Zastroy, Dalmatia, Austria, and not Podaca. To this offer an objection was sustained. Counsel says in his reply brief:

*"The evidence was offered to show what was the post office address of Mary Rogulj furnished to the defendant by Peter Rogulj, and that defendant had failed to mail the notice of Peter's death to that address."* (Italics his.)

It is manifest in the first place that proof of the actual post office address of the appellant would have no tendency to prove the post office address given by the deceased. Furthermore, if the post office address given by the deceased was deemed material, the original statement furnished by him should have been produced. But, instead of demanding its production, counsel for the appellant stipulated at the trial that the deceased had furnished the statement required by the Compensation Act, stating therein, among other things, that he had a stepmother living at Podaca, Austria, named Mary Rogulj. It is quite apparent from this that the appellee assumed, and had a right to assume, that this was the post office address. The claim now made was not called to the attention of the trial court, and is manifestly an afterthought.

[4] Again it is claimed that the instructed verdict was erroneous, because the appellee failed to prove that it had mailed the notice of death to the actual post office address of the appellant, or that the notice of claim had not been served. The burden was not upon the appellee to prove that no notice had been served, and the other objection has already been disposed of.

There is no error in the record, and the judgment is affirmed.