## The People of the State of Illinois ex rel. Julia Hackspiel, Appellee, v. Adam Adamick, Appellant.

### Gen. No. 27,935.

LIMITATIONS OF ACTIONS—*bar of bastardy prosecution by limitations.* Under the bastardy statute in force in 1914, providing that no prosecution for bastardy shall be brought under the act after two years from the birth of the child, a prosecution by the mother of a bastard child born in October, 1914, was completely barred in June, 1922, when the complaint was filed, even though the father might be brought within the provisions of the amendment of 1919 to the bastardy act, Cahill's Ill. St. ch. 17, ¶ 16, that in case the father has acknowledged his paternity in open court he may be prosecuted within two years from the time of the last acknowledgment.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ASA G. ADAMS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1922. Reversed. Opinion filed October 17, 1923.

BAKER, HOLDER & SCHMIDT, for appellant.

ROBERT E. CROWE, State's Attorney, for appellee; EDWARD E. WILSON and CLYDE C. FISHER, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On June 9, 1922, Julia Hackspiel filed a bastardy complaint in the municipal court of Chicago charging that on October 27, 1914, she gave birth to a male child, and that the defendant, Adam Adamick, was the father. The defendant pleaded not guilty. There was a trial before the court without a jury—a jury having been waived—and the defendant was found guilty. Judgment was entered that the defendant pay for the support of the child, $900 instanter and $200 for the first year after the birth of the child; the $200 to be paid in instalments of $25 every three months.

The evidence shows the following: On April 16, 1914, a marriage ceremony was performed between the relatrix and the defendant. From that time on they lived together as husband and wife, until April 21, 1921, when they separated. On May 6, 1921, the plaintiff, under the name of Julia Adamick, filed a bill for divorce in the superior court of Cook county. The defendant filed a cross-bill praying for an annulment of their marriage. On June 5, 1922, a decree was entered. By that decree the court found that the allegations of the cross-bill are true and that the equities are with Adam Adamick, cross complainant; that on April 16, 1914, Adam Adamick and Julia Adamick entered into a purported marriage ceremony at Chicago; that prior thereto, on October 25, 1913, Julia Adamick was, by decree of the superior court of Cook county, entered in the case of *Julia Rasmussen v. Lawrence Rasmussen,* divorced from said Rasmussen, and according to the statute then in force, as well as by the terms of said decree, Julia Adamick was prohibited from marrying again within one year from the date of said decree unless she remarried Lawrence Rasmussen; that the marriage ceremony between Adam Adamick and Julia Adamick was celebrated within one year after said decree in the *Rasmussen* case and was wholly null and void; that said marriage is annulled; and that the original bill of Julia Adamick should be dismissed for want of equity.

On October 27, 1914, the relatrix gave birth, in Chicago, to a male child. The relatrix, the child and the defendant lived together continuously from that time until April 21, 1921. During that time the defendant supported himself, the relatrix and the child. She says he supported her and the child, but when he left there was a "bunch of debts." She also says she had to get some things from her people and that in the first year after they were married she worked two days a week in a department store. The defendant

testified that he had worked in the Arcade cafeteria for twelve years; that he got his meals there; that he supported the relatrix and the child up to April 21, 1921; that the support of the child cost him more than $200 a year; that he gave relatrix $20 a week; that he had paid the rent and bills generally. It was admitted that during the pendency of the divorce suit, pursuant to a court order, he paid her $750 in instalments of $15 a week; and, further, it was admitted that certain witnesses, if called, would testify that the defendant, during the time he and the relatrix lived together, supplied the necessary food, clothing and lodging according to their station in life, and paid all the expenses of the child.

It is contended for the defendant that as the child was born on October 27, 1914, and the complaint was not filed until June 29, 1922, the complaint does not state and the evidence does not show a cause of action. The bastardy statute in force in 1914 contains the provision: "No prosecution under this act shall be brought after two years from the birth of the bastard child," etc. The statute, as amended in 1919, provided that there shall be no prosecution after two years from the birth of such child, but if the father has acknowledged in open court the paternity of the child, he may be prosecuted within two years from the time of the last acknowledgment. [Cahill's Ill. St. ch. 17, ¶ 16.]

It will be seen, therefore, that in October, 1916, two years after the child was born, and nearly three years before the amendment was enacted, the right of the relatrix had become extinguished. It was not then merely suspended, it had come to an end. No future act of the legislature could recreate it. One of the elements of the right was that it should only be available for two years. *Carterville & B. M. Coal Co. v. Industrial Commission,* 303 Ill. 152; *Ohio Oil Co. v. Industrial Commission,* 293 Ill. 461; Sutherland on

Statutory Construction (2nd Ed.), p. 1156. At common law a plea of the statute of limitations, after the lapse of a certain time, is frequently a good defense, but not on the ground that the obligation is extinct, but for the reason, among others, that as a matter of public policy the legislature has seen fit to say that laches will be assumed and so no remedy allowed. Here the obligation is, *in toto,* a legislative one. It was created by the statute in force in 1914, when the child was born, and came to an end in 1916.

The judgment, therefore, will be reversed.

*Reversed.*

O'CONNOR, J., and THOMSON, J., concur.