LANG, Respondent, v. JORDAN STONE CO., et al, Appellants.

(249 N. W. 314.)

(File No. 7282. Opinion filed June 26, 1933.)

*Theodore R. Johnson,* of Sioux Falls, for Appellants.

*Parliman & Parliman,* of Sioux Falls, for Respondents.

ROBERTS, J. This is a proceeding brought under the Workmen's Compensation Act (Rev. Code 1919 § 9436 et seq.). The industrial commissioner found that no written notice of injury was given to the employer within thirty days after the occurrence of the injury, and that no claim for compensation was filed within one year after the injury with the industrial commissioner, and denied an award of compensation. Upon petition for review the industrial commissioner confirmed his decision denying compensation. On appeal the circuit court of Minnehaha county made findings of fact, conclusions of law, and rendered judgment for the plaintiff. The defendants, employer and insurer, appeal from such judgment and an order denying motion for new trial.

The evidence shows that the plaintiff on August 14, 1928, suffered an injury arising out of and in the course of his employment. He consulted a physician on the day following the accident, and was advised that an operation was necessary. Clark Stone, an officer of the employer Jordan Stone Company, stated to the physician that they were "too busy to have him submit to an operation" at that time, and inquired if an immediate operation was necessary. The physician told him that an operation was not immediately necessary. Plaintiff continued his usual employment until March 25, 1929, when the evidence tends to show that the effects of his injury required an operation for hernia. Plaintiff returned to work with the defendant on May 6, 1929, and on December 20, 1929, filed his claim for compensation with the industrial commissioner. The circuit court found, among other things, that the plaintiff having returned to work for the same employer was entitled to file his claim for compensation with the industrial commissioner within eighteen months thereafter, which the claimant in fact did, and that the employer within a day or two after the accident was notified of the injury to the plaintiff and made arrangements to have the employee continue in his employment temporarily.

Defendants earnestly contend that the industrial commissioner correctly ruled that right to compensation was barred by reason of the failure of the plaintiff to file a claim for compensation with the industrial commissioner within one year after the injury.

Section 9457, Rev. Code 1919, provides: "Claim for Compensation, When Barred. The right to compensation under this article shall be forever barred unless, within one year after the injury

or, if death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the industrial commissioner."

Paragraph 4 of section 9459, Rev. Code 1919, provides: "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph 5 of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs 2 and 8 of this section, equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. In the event the employee returns to the employment of the employer in whose service he was injured, the employee shall not be barred from asserting a claim for compensation under this article; provided, notice of such claim is filed with the industrial commissioner within eighteen months after he returns to such employment, and the commissioner shall immediately send to the employer by registered mail, a copy of such notice."

This provision for notice of claim is an exception to the provisions contained in section 9457, Rev. Code 1919. Counsel for defendants urge that the period is unreasonable; that a claimant could file a claim many years after the injury and the industrial commissioner would acquired jurisdiction, if the claim is filed within eighteen months after the employee returns to work for the same employer. The objection is untenable. The clear intent of the Legislature is to extend for eighteen months after his return to work the right of an employee to maintain an existing claim and not to grant a right. If an employee who has been injured has a right to compensation and returns to work for the same employer, the statute gives him eighteen months in which to file his claim with the industrial commissioner, but does not create in him a new right which he did not have at the time he returned to work. Otis Elevator Co. v. Indus. Comm., 288 Ill. 396, 123 N. E. 600; Bowman v. Indus. Comm., 289 Ill. 126, 124 N. E. 373; Ohio Oil Co. v. Indus. Comm., 293 Ill. 461, 127 N. E. 743.

█ No written notice of the injury was given to the employer as provided by section 9455, Rev. Code 1919. Under the provisions of the statute, no compensation is payable unless such notice is given within thirty days after the occurrence of an injury unless reasonable excuse is made to the satisfaction of the industrial commissioner for not giving the notice. Plaintiff contends that where the employer has actual knowledge of the injury no written notice is required, and the knowledge of facts and circumstances which he claims dispensed with the necessity of such notice is the conversation between Clark Stone, an officer of the employer company, and the physician within a few days after the accident. The evidence in this record clearly sustains the contention of the plaintiff. The employer knew about the accident immediately thereafter, and the failure to give written notice within thirty days after the accident does not prevent recovery in this proceeding. Mellquist v. Dakota Printing Co., 51 S. D. 359, 213 N. W. 947, 948.

The further question presented on this appeal is whether the circuit court acted without or in excess of its authority in rendering judgment for the plaintiff. Should the circuit court have remanded the record to the industrial commissioner with instructions to make further findings and to grant or deny an award accordingly? Section 9489, Rev. Code 1919, authorizes an appeal to the circuit court from an adverse decision of the industrial commissioner to be taken and prosecuted as provided in section 9180, Rev. Code 1919. It further provides that "upon trial of such appeal in the circuit court, the court may remand the matter to such officer or department for such action as it may in its order require, or may enter judgment for or against any party to said appeal, which judgment shall have the same force and effect as other judgment of said court." Section 9180, Rev. Code 1919, in part provides: "All appeals * * * shall be to the circuit court and be taken and prosecuted under rules and regulations, consistent with the laws of this state, adopted and prescribed by the supreme court." Supreme Court Rules, part 5, in compliance with such statutory mandate prescribe the procedure on appeal. Rules 6 and 8 provide for certifying the record from the industrial commissioner to the circuit court, and that no additional evidence shall be received on appeal

in the circuit court. Wakefield v. Warren-Lamb Lbr. Co., 46 S. D. 510, 194 N. W. 835.

 The trier of facts is the board of arbitration or the industrial commissioner when there is a waiver of the right of hearing before the board, and facts so found standing substantially upon the same footing as the verdict of a jury cannot be disturbed if there is any reasonable, credible, and substantial evidence to support them. Wieber v. England, 52 S. D. 72, 216 N. W. 850. In reviewing such proceedings the circuit court concerns itself with questions of law, and to an examination of such questions. It is only when the facts are undisputed and no conflicting inference respecting the ultimate facts can be drawn, and would sustain an award, that there is liability as a matter of law. Such are the evidentiary facts in this proceeding, and it is apparent from the record that the industrial commissioner was mistaken in the application of legal principles to such facts. The rights of the parties litigant determined by the circuit court were solely dependent on questions of law, and the circuit court did not err in entering judgment for the claimant.

The judgment and order appealed from are therefore affirmed.

RUDOLPH, P. J., and POLLEY and WARREN, JJ., concur.

CAMPBELL, J. I concur in the affirmance of the judgment.