PETERSON, Appellant, v. JOHN MORRELL AND COMPANY, Respondent.

(270 N. W. 651.)

(File No. 7949. Opinion filed January 5, 1937.)

See, also, 64 S. D. 425, 267 N. W. 227.

*John C. Mundt,* of Sioux Falls, for Appellant.

*Parliman & Parliman,* of Sioux Falls, for Respondent.

ROBERTS, J. Adolph Poggensee died on February 29, 1928, as the result of injuries received while he was employed by defendant company. Plaintiff as the guardian of Mary Poggensee,

an incompetent, filed an application for the adjustment of her claim for compensation. The matter came on for hearing before the Industrial Commissioner, a board of arbitration being waived, and the Industrial Commissioner found that Mary Poggensee, the claimant, was the wife of the deceased employee, but was not living with him at the time of his death and had failed to prove her dependency on the decedent. From the judgment of the circuit court affirming the decision of the Industrial Commissioner denying compensation, claimant has appealed to this court.

No substantial dispute exists as to the facts. Claimant and decedent were married in June, 1919, at Irene, S. D. Within two or three weeks after the marriage decedent abandoned his wife and at the time of his death was residing in Sioux Falls. The wife continued to reside at Irene. She did not again see her husband after his departure and there was no correspondence between them. This was more than eight years during which time the husband did not contribute to her support.

 The question presented for our determination is whether claimant, as the widow of decedent, is entitled to have compensation awarded her under the facts found. Section 9458, Rev. Code 1919, sets forth the classes of persons to whom compensation shall be paid for an injury to an employee resulting in death. The provisions of subdivision 1 of this section pertinent to the question under consideration read as follows: "If the employe leaves any widow, child or children whom he was under legal obligation to support at the time of his injury, a sum equal to four times the average annual earning of the employe, but not less in any event than one thousand, six hundred and fifty dollars, and not more in any event than three thousand dollars."

Subdivision 7 of the same section as amended by chapter 363, Laws 1919, reads as follows: "No compensation shall be payable under this section to a widow unless she was living with her deceased husband at the time of his death, or was then dependent upon him for support. Should any dependent of a deceased employee die, the right of such dependent to compensation under this section ceases. In case of re-marriage of a widow who has dependent children, the unpaid balance of compensation, which would otherwise become due to her shall be paid to such children."

The duty to support his wife is imposed by law on the husband, and this duty does not depend upon the adequacy of the wife's means, but upon the marriage relation. Section 169, Rev. Code 1919. The husband is not relieved from such obligation if the separation is not the result of an agreement or is without justifiable cause. Section 177, Rev. Code 1919. Claimant contends that it appearing from the admitted facts that her husband was under legal obligation to support her, it follows as a matter of law that she was dependent upon him for support. We cannot sustain such contention without violating the clear intent of the statute. Standing alone, the first subdivision of section 9458 would authorize compensation if the employee leaves a widow whom he was under legal obligation to support. But this provision is qualified and limited by the provisions of subdivision 7. A widow under the latter subdivision is not entitled to compensation unless she was living with her husband at the time of his death or dependent upon him for support. The Legislature has clearly indicated that the legal obligation arising from the marriage relationship is not conclusive. The law contemplates that the living together having been established as a fact, the dependency follows as a matter of law. Where, however, a wife is not living with her husband, this presumptive dependency of the wife does not exist, and the statutory requirement is that the wife be dependent upon her husband for support, which must be shown as a fact.

It is further contended that within the contemplation of the statute claimant was living with her husband at the time of his death, and there was no issue of dependency in fact to be tried. In such case the statute permits of no further inquiry on the issue of dependency irrespective of what the real facts are. Claimant retained her marital rights though involuntarily separated from her husband, and counsel argues that in the sense contemplated by the Legislature claimant was living with her husband. Similar provisions have been construed to mean that husband and wife are living together as husband and wife in the ordinary acceptation of these words; that they are maintaining a home and living together in the same household or actually cohabiting under conditions which may be regarded as constituting a family relation. 71 C. J. 538; In re Nelson, 217 Mass. 467, 105 N. E. 357; Kalcic v. New-

port Mining Co., 197 Mich. 364, 163 N. W. 962; State ex rel Kile v. Dist. Court, 146 Minn. 59, 177 N. W. 934; Klautka v. Stanley Works, 100 Conn. 345, 123 A. 839. However, a broader view of the meaning of these words has been taken; this view is to the effect that the question does not turn upon time or distance separating the parties, but upon the nature and character of the absence and intention of the parties respecting it. Where there is no legal separation and no actual separation in the nature of an estrangement, the wife is living with the husband although they may not be physically dwelling together, and in such case the wife is entitled to the benefit of a statutory provision creating in effect a conclusive presumption as to her dependency. Northwestern Iron Co. v. Industrial Commission, 154 Wis. 97, 142 N. W. 271, L. R. A. 1916A, 366, Ann. Cas. 1915B, 877; Colgate & Co. v. Smith, 84 Ind. App. 473, 151 N. E. 434; Harrison v. Cargill Commission Co., 126 Neb. 185, 252 N. W. 899. We now have no occasion to consider whether this view is more consistent with reason. Following this construction we are convinced that claimant cannot prevail. The sufficiency of the evidence is not subject to review by this court where there is any reasonable or substantial evidence tending to establish the finding of the Industrial Commissioner. It cannot be said that there was not an intentional or permanent separation or estrangement. The question of the intent of the parties was an inference to be drawn from the facts and the conclusion that the parties were not living together was clearly justified. Stojic v. Industrial Commissioner, 188 Wis. 228, 205 N. W. 795.

It follows that no compensation could be awarded unless claimant was in fact dependent. The sufficiency of the evidence on this issue is not before us.

For the reason above stated, the judgment appealed from is affirmed.

All the Judges concur.