SALMON, Cross-Appellant, v. DENHART ELEVATORS, et al., Appellants

(33 N. W.2d 167.)

(File Nos. 8944, 8963. Opinion filed June 30, 1948.)

**Caldwell & Burns,** of Sioux Falls, Attorneys for Appellents.

**Royhl & Longstaff,** of Huron, Attorneys for Cross-Appellants.

PER CURIAM.

After carefully considering the arguments of counsel upon rehearing, the court adheres to the former opinion reported in 72 S. D. 110, 30 N. W.2d 644.

HAYES, J. (dissenting). A reconsideration of this case leads me to a view differing from those of my colleagues set forth in the reported decision.

I think that the Workmen's Compensation Law of this state does not permit an award to Salmon equal to the death benefit. Such an award is to be made only "in case of complete disability which renders the employee wholly and permanently incapable of work." SDC 64.0403(5).

Salmon suffered an injury on July 21, 1941 and from such injury he sustained a fifty per cent loss of the use of his leg. For such loss the law allows him compensation payments for a period of eighty weeks. SDC 64.0403(4) (s). Whether or not such an allowance is adequate is a question which must be left with the legislative body.

In addition to an award for the specific loss Salmon is entitled to receive compensation payments "during the period of temporary total incapacity for work * * * but (the employee) shall not receive any compensation under any other provisions of this title." SDC 64.0403(4), first provisions. The sole question in whether or not Salmon should be awarded compensation payments for the additional period of 232 weeks which with the allowance for a partial and permanent specific loss brings the total award of compensation to 312 weeks, six years, or $2,967.12.

After being under a doctor's care for about three months Salmon was discharged as cured or as approaching complete recovery. The doctor miscalculated the extent of the injury and failed to discover the specific loss to the injured member. Thereafter Salmon made a mistake in signing a release. Then for a period of about two years the injured man carried on activities which included light labor and the operation of his truck. From these activities it is shown that he made at least $1,200. It also appears that he drove his truck from the state of Washington to North Dakota and while in the latter state he wrenched or twisted his injured leg and thereafter sought further medical attention. Surgery was later advised and Salmon submitted thereto. That this unfortunate man has suffered much pain, discomfort and inconvenience is not open to question. I find no provision of law, however, which imposes upon the employer liability for the failure of the attending physician to discover the true nature and extent of Salmon's injury prior to his discharge from medical care. Nor can I discover any legal basis for allowing compensation payments for temporary total incapacity during all of the period between July 21, 1941 and February 15, 1946, four and a half years, when it is shown by undisputed evidence that for a considerable part of that long period the employee drew some wages for work and drove his truck about as need therefor appeared. Salmon's petition to the commissioner for a review of his case described his incapacity as permanent rather than temporary. It appears to me that it is confusing, and is not consistent with our law, to find that an injured employee, while not under a doctor's care and while engaging in activities as above mentioned, is entitled to be compensated for "total temporary incapacity for work".

Neither Salmon nor his employer were bound by the erroneous opinion of the medical attendant. Soon after his discharge from care in October, 1941 Salmon knew or ought to have learned that recovery from his injury was not forthcoming as the doctor had anticipated. Duty to himself and a proper recognition of his rights under the law, and fairness to his employer, all required him to promptly report back

for further treatment to the injured leg and a review of his case.

Believing that the evidence does not sustain the finding of the commissioner and that the award by the commissioner was therefore excessive I am unable to agree with the disposition of the case as heretofore reported.