HEHN, Respondent, v. ABERDEEN GLASS CO. et al., Appellant

(48 N. W.2d 827)

(File No. 9225.   Opinion filed July 23, 1951)

**Tom Kirby, Blaine Simons, Gene McDonnell,** Sioux Falls, for Appellants.

**Max Stokes,** Aberdeen, for Respondent.

LEEDOM, J.   In this Workmen's Compensation case the amount of the award for permanent partial disability constitutes the only dispute between the parties.   The Industrial Commissioner made an award of $416.67 finding that the injury was confined to the thumb under the schedule of specific allowances for injured parts of the body provided in SDC 64.0403(4).   On claimant's appeal the circuit court entered findings, conclusions and a judgment granting claimant $3,493.60 plus costs in lieu of the award made by the Industrial Commissioner, treating the injury as one to the arm, under the cited statute, rather than the thumb.

██  The primary question presented by the appeal is whether or not the circuit court was justified in entering findings of fact.   We hold the circuit court erred in so doing.   A secondary question then arises:   Does the evidence support the commissioner's finding that the effect of the injury is confined to the thumb?   We hold the evidence does not support such finding.   Third, since a proper disposition

of the case may depend on an interpretation of the word "thumb" in the cited statute, and also because the record reveals confusion as to the exact parts of the hand comprising the thumb, we settle the question here; and we deal with this matter first to make clear our use of the word thumb in the later discussion.

In Webster's New International Dictionary it is stated that the thumb differs "* * * from the other fingers in having but two phalanges * * *". In Maloy's "Legal Anatomy and Surgery" the discussion of "The Hand" beginning at page 206 makes it very clear that the thumb consists of but the two bones (phalanges) most remote from the palm, the one bearing the thumbnail and the one joined thereto; and that the bone with which these two unite is the first metacarpal bone, a part of the hand as distinguished from the thumb; and that it with four other similar bones, one leading to each finger from the wrist, comprise the bone structure of the palm. No one in this litigation actively contends that the thumb constitutes more than these first two phalanges, but parts of the medical testimony, not given with the precision required in making a determination of the exact extent of the member, include the first metacarpal bone as a part of the thumb. This inaccuracy apparently lead the commissioner into the error of treating the injury to the first metacarpal as an injury to the thumb rather than to the hand.

██ This court has recognized as a cardinal rule of statute construction that words be given their ordinary, popular meaning in the absence of circumstances indicating a different meaning. See Wood v. Waggoner, 67 S. D. 365, 293 N.W. 188, 190. It is clear that "thumb" as used in SDC 64.0403 as amended refers to the first two phalanges only, and does not include the first metacarpal.

█ It is well established by decisions of this court that a circuit court on an appeal from the Industrial Commissioner is not the trier of facts. See Wilhelm v. Narregang-Hart Co., et al., 66 S. D. 155, 279 N.W. 549 and the cases there cited. In Lang v. Jordan Stone Co., 61 S. D. 330, 249 N.W. 314, 316 it was said: "In reviewing such proceedings the circuit court concerns itself with questions of law,

and to an examination of such questions. It is only when the facts are undisputed and no conflicting inference respecting the ultimate facts can be drawn, and would sustain an award, that there is liability as a matter of law."

To sustain the circuit court under the rule thus announced it would be necessary for us to find that no inference can be drawn from the evidence to conflict with the finding that the injury is one to the arm. This we cannot do.

■ Claimant's injury was a cut on the wrist from broken glass about one-half inch above the first metacarpal bone. The cut severed the tendon running through the palm to the thumb. The tendon serves to extend or pull back the thumb in the process of opening the hand. The motion of the thumb in extending or opening, as well as the opposite motion of flexing, appears to be restricted and the thumb and first metacarpal generally weakened by reason of the tendon injury. Such testimony as tends to show any injury beyond the injury described, and extending it to the arm relates to pain, fatigue and neuritis in the arm as a result of the cut on the wrist. Against such evidence that woud tend to support the circuit court's finding there is substantial and credible evidence that the effect of the injury does not go beyond the first metacarpal and thumb as stated. It follows that we cannot say under the rule of Lang v. Jordan, supra, the facts are undisputed and that no inference can be drawn to conflict with the finding that the injury is to the arm.

■■ If we were able to find any reasonable or substantial evidence in the record to support the finding of the Industrial Commissioner that the injury involved only the thumb it would be our duty under the decision of Salmon v. Denhart Elevators, 72 S. D. 110, 30 N.W.2d 644, on rehearing 72 S. D. 263, 33 N.W.2d 167, to direct an affirmance of the award made by the commissioner. The testimony of the physician, Dr. C. L. Voegle, is most restrictive as to the area of the body involved in the injury, and so it is in his testimony we must look for support of the commissioner's finding. It is clear from his testimony that while he recognized it was "a matter of definition" as to whether the first

metacarpal was a part of the thumb, he included the first metacarpal as a part of the area affected by the severed tendon. Thus the evidence given by him apparently relating to the thumb only, actually related to the hand. Nowhere in the evidence do we find any direct or inferential support for the proposition that the loss of motion and general weakened condition resulting from the cut was confined to the thumb proper. Because of this circumstance we cannot under the well-established rule of law set out above direct an affirmance of the commissioner's award.

The judgment appealed from is reversed and the case is remanded to the circuit court for further proceedings consistent with this opinion.

No costs are taxed in this court.

All the Judges concur.