DEMARAY, Appellant v. MANNERUD CONSTRUCTION
COMPANY, Respondent

(128 N.W.2d 551)

(File No. 10083. Opinion filed May 21, 1964)

**L. F. Ericsson,** Madison, for Claimant and Appellant.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for Defendants and Respondents.

ROBERTS, J.  Eugene Demaray died August 10, 1961, as the result of injuries accidentally sustained in the course of his employment with defendant Mannerud Construction Company. Claiming to be decedent's dependent widow Alberta O. Demaray petitioned for an award of compensation under the Workmen's Compensation Law. After hearing, the industrial commissioner disallowed the claim. From judgment of the circuit court affirming decision of the commissoner claimant has appealed to this court.

Appellant and decedent were married in December 1945 in St. Louis, Missouri. No children were born of this relationship. Claimant's three children from a previous marriage were over the age of 18 at the time of the death of Eugene M. Demaray. The testimony was that prior to March 20, 1961, the parties had been living in Madison, South Dakota. At about that time they moved

to a highway construction site near Midland, South Dakota, and decedent was employed by defendant Mannerud Construction Company as a truck driver. Claimant provided workmen on the project with board for which they compensated her, but she was at no time an employee of the company. June 2, 1961, she returned to her home in Madison. She immediately commenced an action, which was pending in the circuit court of Lake County at the time of the death of her husband, for divorce on the ground of extreme cruelty. She therein renounced any claim for support or alimony, but did demand that defendant "be specifically required to pay all charges and liens against him and any other bills against the the couple now outstanding."

The pertinent provisions of SDC 1960 Supp. 64.0402 in effect at the time of the accidental injury and death were as follows:

"(1) If the employee leaves any widow, * * * whom he was under legal obligation to support at the time of his injury, a sum equal to five times the annual earnings of the employee, but not less in any event than three thousand dollars, and not more in any event than nine thousand dollars, * * *.

"(7) No compensation shall be payable under this section to a widow unless she was living with her deceased husband at the time of his death, or was then dependent upon him for support."

The commissioner found "that claimant, Alberta O. Demaray, had not lived with her husband, the said Eugene M. Demaray, since on or about June 2, 1961 and had commenced a divorce action against the said Eugene M. Demaray on June 9, 1961; that claimant, Alberta O. Demaray, was not living with the said Eugene M. Demaray at the time of his death on August 10, 1961" and that "claimant, Alberta O. Demaray, was employed during most of the years of her marriage to the said Eugene M. Demaray including the year preceding the death of said Eugene M. Demaray; that prior to March 20, 1961 she supported herself with little, if any, assistance from the said Eugene M. Demaray; that from about March 20, 1961 until about June 2, 1961 claimant provided all of her support from her earnings, and in addition thereto, she

provided room and board for said Eugene M. Demaray; that about June 2, 1961 said Alberta O. Demaray and the said Eugene M. Demaray separated and thereafter said Alberta O. Demaray supported herself without assistance of said Eugene M. Demaray; that the said Eugene M. Demaray drank intoxicating liquors to excess and, with infrequent exceptions, spent the money he earned for liquor; that such money as Eugene M. Demaray gave claimant prior to June 9, 1961 was applied on debts that he had accumulated due to his drinking problem; that after June 9, 1961 claimant received no money or support from the said Eugene M. Demaray; that in the divorce action commenced by claimant, all claims for support or alimony from the said Eugene M. Demaray were waived; that claimant was not dependent upon the said Eugene M. Demaray for support at the time of his death on August 10, 1961."

█ The sole question is whether the evidence sustains the findings of the commissioner to the effect that appellant was not living with her deceased husband at the time of his death and was not then dependent upon him for support. Where workman and wife did not live together, dependency in a legal sense is not sufficient, but it must be affirmatively shown as a fact. In Peterson v. John Morrell & Co., 65 S.D. 76, 270 N.W. 651, we construed the aforementioned statute thus: "Claimant contends that it appearing from the admitted facts that her husband was under legal obligation to support her, it follows as a matter of law that she was dependent upon him for support. We cannot sustain such contention without violating the clear intent of the statute. Standing alone, the first subdivision of section 9458 (SDC 1960 Supp. 64.0402) would authorize compensation if the employee leaves a widow whom he was under legal obligation to support. But this provision is qualified and limited by the provisions of subdivision 7. A widow under the latter subdivision is not entitled to compensation unless she was living with her husband at the time of his death or dependent upon him for support. The Legislature has clearly indicated that the legal obligation arising from the marriage relationship is not conclusive. The law contemplates that the living together having been established as a fact, the dependency follows as a matter of law. Where, however, a wife is not living with her husband, this presumptive dependency of the wife does not exist,

and the statutory requirement is that the wife be dependent upon her husband for support, which must be shown as a fact."

■ ■ As early as 1920, this court in Day v. Sioux Falls Fruit Co., 43 S.D. 65, 177 N.W. 816, held that the "sufficiency of the evidence before the industrial commissioner, on the question of dependency, is not subject to review, by an appellate court, where there is any reasonable or substantial evidence tending to establish the findings of the commissioner." The question here is not whether there is sufficient evidence to warrant a different decision by the commissioner. The court on review is restricted to a consideration of questions of law including the determination whether findings of the commissioner are supported by competent and sufficient evidence and whether the law has been correctly applied. Wieber v. England, 52 S.D. 72, 216 N.W. 850; Edge v. City of Pierre, 59 S.D. 193, 239 N.W. 191; Salmon v. Denhart Elevators, 72 S.D. 110, 30 N.W. 2d 644; Mehlum v. Nunda Cooperative Assn., 74 S.D. 545, 56 N.W.2d 282; Oviatt v. Oviatt Dairy, Inc., 80 S.D. 83, 119 N.W.2d 649. It is only when the facts are undisputed and permit of a single legitimate inference that the questions of dependency becomes one of law. Lang v. Jordan Stone Co., 61 S.D. 330, 249 N.W. 314; Lang v. Board of Education, 70 S.D. 343, 17 N.W. 2d 695; Hehn v. Aberdeen Glass Co., 74 S.D. 50, 48 N.W.2d 827.

■ Appellant contends that since there was no legal severance of the marriage relation and there was still the possibility of a dismissal of the divorce action she was within the meaning of the Workmen's Compensation Law still living with her husband and therefore conclusively presumed to be dependent upon him for support. "Living with" does not always import a physically dwelling together. Peterson v. John Morrell & Co., supra. If it is found that the wife was temporarily absent from the home or that the parties were living apart at the time of death for their mutual convenience without estrangement or repudiation of their marital obligations, the wife would be deemed to have been living with her husband and entitled to the benefit of the presumption of dependency. 99 C.J.S. Workmen's Compensation § 140(3); cf. Creasy v. Phoenix Utilities Co., 276 Pa. 583, 120 A. 659; Bulman v. Lyman-Richey Sand & Gravel Corp., 144 Neb. 342, 13 N.W.2d 403; Berg v. Industrial Commission, 236 Wis. 172, 294 N.W. 506. The evidence

in the instant case shows that there was an actual separation and a break in the marriage relation, that appellant commenced an action for divorce acquiescing in the husband's repudiation of his marital obligations by renouncing any claim for support or alimony and that decedent was making no contributions for support. There was ample evidence to sustain the finding that appellant was not living with her husband at the time of his death.

It follows that appellant living apart from her husband was required in order to establish her right to recover to show actual dependency. As declared in Chittenden v. Jarvis, 68 S.D. 5, 297 N.W. 787, proceedings under the Workmen's Compensation Law are purely statutory and rights of parties thereunder must be determined by its provisions. Under the clear and unmistakable terms of the statute something more, as we have stated, than a legal right to support as an incident of the marriage status was required in order to establish dependency. According to her own testimony decedent had during the marriage contributed little to her support, that she had been gainfully employed and supported herself and her children and that she received no money from him after the separation and commencement of the divorce action. The purpose of the Workmen's Compensation Law is to provide a workman's dependent with something in substitution for what has been lost by the death of the workman. We are of the opinion that there was sufficient evidence on which to base the finding that there was no dependency as a matter of fact and that such finding of the commissioner cannot be disturbed.

The judgment appealed from is affirmed.

. All the Judges concur.