Williams, J.
 

 The plaintiff maintains that the Court of Appeals committed prejudicial error in rendering
 
 *491
 
 final judgment for the defendant. The defendant, on the contrary, contends that the final judgment was justified for two reasons: (1) There was no competent evidence that Omar Outland, the deceased employee, was killed accidentally as he was entering the building 'in which he lived for the purpose of getting his garage keys and prospect book in the course of a trip on behalf of the employer for the purpose of soliciting a prospective buyer, and (2) even if there was such evidence the trip home constituted a departure from the course of employment.
 

 These two contentions of defendant raise the vital questions on which the case turns and will be considered in order.
 

 The first inquiry, then, is the competency and probative value-of the evidence favorable to the plaintiff.
 

 Proof of decedent’s purpose in going to his apartment is in the main dependent upon the statements to his wife and stepdaughter to the effect that he was going home to get his garage keys and prospect book and was on his way to see a prospect This conversation was competent and admissible under the rule laid down in
 
 Railway Co.
 
 v.
 
 Herrick,
 
 49 Ohio St., 25, 29 N. E., 1052. The theory is that when a person in departing from a given place makes a statement as to where he is going, such a declaration insofar as it relates to the nature of his journey and his place of destination, is admissible as part of the
 
 res gestae
 
 in explanation of his act of leaving.
 

 Even so, proof, it it asserted; is still lacking. Counsel for defendant point out
 
 arguendo
 
 that deceased did not need either his garage keys or prospect book because the garage was not locked and the prospect he was going to see was known to him without the book, that decedent had previously been to and had returned from his apartment and did not then obtain the garage keys or prospect book although he did get the keys to a certain car, which were then taken by him to a fellow-
 
 *492
 
 employee, that it is not shown what caused decedent’s accident, or how he fell, and that he was leaving the apartment building at the time.
 

 Manifestly these deductions of defendant’s counsel are based on evidential inferences favorable to the defense; but there is evidence which warrants opposite inferences — inferences affording recovery by plaintiff. The keys, perhaps, were needed because the garage might be locked upon the employee’s return although open at the time he left and the book needed to disclose the names of other prospects who might live in the same neighborhood as the one he intended to visit immediately. A failure to get the articles on a previous visit might indicate either forgetfulness or a belief that they would not be needed for work during the rest of the day. After all, when and how the accident actually happened may be proved by circumstantial evidence. What is more, since there was no eyewitness, • circumstantial proof was all that was available to show the immediate facts surrounding decedent’s death.
 

 What we have then is a conflict of inferences arising from the evidence. In determining whether a final judgment should be entered for the defendant as a matter of law notwithstanding a verdict and judgment for plaintiff in the trial court, the reviewing court considers only the evidence favorable to plaintiff. Whether the deceased employee went to his home to get the garage keys and prospect book or for other purposes purely personal to himself could only be determined as a question of fact which requires weighing the evidence. It is clear that there was circum'stantial evidence favorable to plaintiff from which the jury, if it saw fit, could properly and reasonably infer that decedent was killed accidentally while entering the apartment building where he lived to get the articles needed in the course of a trip he was making to see a prospective customer.
 

 
 *493
 
 The second inquiry relates to the question of departure.
 

 Defendant’s counsel urge that if all the evidence favorable to plaintiff be conceded to be true, still plaintiff cannot recover as a matter of law because the decedent in going to his home to get the garage keys and prospect book departed from or stepped out of the course of his- employment. Counsel in this behalf argue that decedent was like a pieceworker in a factory who forgets his tools and goes home after them on his own time, and that at the time he met his death, he was out of the zone of his employment. Then, too, there is the suggestion that he was in exactly the same relation to his employer as if he had been going to his home from his employer’s place of business for a meal or for the night. These contentions leave vital elements out of consideration. Decedent was not a pieceworker plying his trade in a particular place. His work took him upon roads, streets and sidewalks and into houses and other buildings and subjected him to road risks and the hazards of travel by conveyance and on foot. When he left to see or seek a prospect he was, while on his way, in the zone of his employment. Such an employee, who on a trip for his employer goes into a building to see a prospect or get something needed in the work then being done in the employer’s behalf, is in the course of his employment and the legal import of his relation is not altered because the building happens to be his own home.
 

 If the deceased employee, needing his garage keys and prospect book, went to his home to get them in the course of his journey to see a prospect and sustained an injury from the risk or hazard of travel in entering his home, such injury was sustained in the course of and arose out of his employment and would be compensable ; on the other hand if he went to his home to leave Christmas presents there or for other purposes of his own, the injury would not be compensable. On
 
 *494
 
 the question of departure there was merely an issue of fact for the determination of the jury under proper instructions of the court.
 

 Since there was evidence which required the cause to be submitted to a jury the Court of Appeals erred in reversing the judgment of the Court of Common Pleas and entering final judment for the defendant as a matter of law. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed. .
 

 Judgment reversed.
 

 Day, Myers, and Hart, JJ., concur.