LANG, Respondent, v. BOARD OF EDUCATION OF IND. DIST. OF CITY OF HURON, et al., Appellants

(17 N. W.2d 695.)

(File No. 8728. Opinion filed February 16, 1945.)
Rehearing Denied April 17, 1945.

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**Royhl & Longstaff,** of Huron, for Respondent.

RUDOLPH, J. ■ This is a proceeding brought under the Workmen's Compensation Act, SDC Title 64. The facts are undisputed and no conflicting inferences respecting the material ultimate facts can be drawn. The only question presented is the application of legal principles to such facts and such was the only question before the Circuit Court. It follows that the Circuit Court did not err in entering a judgment for the claimant if it correctly applied the legal principles to the undisputed facts. Lang v. Jordan Stone Co. et al., 61 S. D. 330, 249 N. W. 314.

The facts disclose that on the morning of February 3, 1943, and for some years prior thereto, the claimant, Andrew J. Lang, was superintendent of the defendant school district, the boundaries of which are coextensive with the boundaries of the city of Huron. As such superintendent, the claimant had general supervision of the high school and four grade schools of the district, was the executive of the Board of Education, and supervised the schools and school property. He had no fixed hours of work but worked simply as the occasion demanded and often performed duties in connection with his work at his home which was located six blocks from

the high school building. The morning of February 3d was stormy, a light rain was falling, the wind was blowing and the sidewalks and streets were covered with a coating of ice. Rather early in the morning and while claimant was still at his home, two telephone calls came to him inquiring whether there would be school on that day. A part of claimant's duties was to observe the weather conditions and from such observation determine whether school should be called off or maintained during the day. At 7:30 in the morning and while claimant was still at the home, he opened the door and looked out to observe the condition of the weather and sidewalks and then determined that unless the storm and conditions got worse that school would be maintained. At 8:30 in the morning claimant left his home and started for the high school building where he maintained an office and generally observed office hours from 9 until 10:30 in the morning and from 1 until 5 in the afternoon. As he was proceeding toward the high school building he fell and sustained the injury for which he is now seeking compensation. After falling, he immediately returned to his home and at 10 o'clock called off school for the afternoon.

The Industrial Commissioner, upon these undisputed facts, concluded that the injury was not one "arising out of and in the course of the employment" of claimant. The Circuit Court concluded that the injury did arise out of and in the course of the employment and entered judgment awarding compensation. The defendant has appealed.

The South Dakota holding upon which appellant relies is found in the case of Driessen v. Schiefelbein et al., 67 S. D. 645, 297 N. W. 685. We do not believe this case is controlling. In the Driessen case the employee had certain fixed hours of work, he had completed his day's work and was on his way home subjecting him to the very general holding that an employee, with fixed hours of work, going to and from his place of work is not performing the duties of his employment or anything incidental thereto, within the meaning of the workmen's compensation laws. The claimant in the instant case had no fixed hours of work, but as the executive officer of the school district, performed his duties when and where the occasion demanded; his work was con-

fined to no particular place within the district nor did it begin or end at any particular time. Claimant performed some of his duties at his home, and he was actually there engaged in performing his work on the morning the injury occurred. Claimant's work was such that it naturally involved exposing him to the perils of the street. In the performance of his duties it was necessary for claimant to go upon the streets in supervising the several schools, and caring for the school property within the district. The fact situation is entirely different from that in the Driessen-Schiefelbein case, where the work of the claimant had definitely ended for the day and he was simply on his way home from work.

Decisions from other states are not of much help. The fact situations, of course, are not the same as here presented, and many of the decisions seem to conflict when considered in the light of controlling legal principles. Decisions from Ohio indicate the apparent confusion. In the case of Inglish v. Industrial Commission of Ohio, 125 Ohio St. 494, 182 N. E. 31, 83 A. L. R. 210, it was held where a school teacher, after school hours, while traveling by the usual, direct and necessary route from his school to his home, carrying examination papers, which he was expected by his county superintendent to grade at home, such being the general practice, there being no opportunity nor facilities to perform such work at the school house, was struck and killed by an automobile, that such accident arose out of and in the course of decedent's employment. Less than two years later the Ohio court was presented with a state of facts similar though not identical to those presented in the Inglish case and held that injuries sustained by a school teacher, who had taken school work home, while traveling from home to school, did not arise out of or in the course of employment. The Inglish case was expressly overruled. Industrial Commission of Ohio v. Gintert, 128 Ohio St. 129, 190 N. E. 400, 92 A. L. R. 10.32. Following the Gintert case the court was confronted with facts disclosing that an automobile salesman went to his home to get keys and a prospect book necessary to him in performance of his duties incidental to going to see prospective buyer of an automobile, and while at home sustained

fatal injuries. The court held that the injuries arose out of and in the course of the employment, but three of the judges dissented because in their opinion the decision was a departure from the principles announced in the Gintert case. Outland v. Industrial Commission, 136 Ohio St. 488, 26 N. E.2d 760.

■ The difficulty presented is not due to a conflict of legal principles but rather to the application of established law. Our statute SDC 64.0102(4) provides that to be compensable the injury must be an "injury by accident arising out of and in the course of the employment." Under statutes of similar import, and implicit in our South Dakota holdings it is well settled that an injury to arise out of and in the course of employment must be sustained while the employee is engaged in performing the duties of his employment, or something incidental thereto. Wilson v. Dakota Light & Power Co., 45 S. D. 175, 186 N. W. 828; Stratton et ux. v. Interstate Fruit Co. et al., 47 S. D. 452, 199 N. W. 117; Meyer v. Roettele et al., 64 S. D. 36, 264 N. W. 191; Jacobson v. Strong & Waggoner et al, 66 S. D. 552, 287 N. W. 41.

■ We believe that the instant facts disclose that claimant at the time of the injury was engaged in duties, in any event, incidental to his employment. He was not simply on his way to work, his sphere of work was the entire district. Nor did the injury occur before claimant's regular tour of duty; he had no fixed hours of work, his duties were such that they were performed where and when the occasion demanded at any hour of the day. True, he was going from his home to his office, but under the facts of record such trip was not entirely personal to claimant. He had prior thereto been engaged in the discharge of his employer's duties at his house, and the trip, as we view it, was continuing in this discharge of duty. It would be clear, we believe, that had he reached the high school building in safety, stopped there momentarily and continued on to one of the grade school buildings and suffered an accident after leaving the high school that such accident would have been in the discharge of his duties. While perhaps not so clear, in view of the holdings that an injury suffered going to or coming from a place of work is not compensable, nevertheless, we believe,

under the facts here presented that claimant was in th discharge of his employer's duties at the time in question to the same extent as he would have been under the assumed state of facts. He was not simply getting to his work, he was actually at his work, not only as to time and place, but in an act essential to continuing the work which had been started at his home.

The judgment appealed from is affirmed.

SMITH, P. J., and POLLEY, J., concur.

ROBERTS and SICKEL, JJ., dissent.