16022

### HINTON v. NORTH GEORGIA WAREHOUSE CORPORATION ET AL.

(45 S. E. (2d) 591)

*Messrs. Haynsworth & Haynsworth,* of Greenville, for Appellants,

*Mr. J. Robert Martin,* of Greenville, for Respondent,

December 10, 1947.

BAKER, CJ.: This is a workmen's compensation case, and the sole legal question before this Court is: Did the injury to respondent arise out of and in the course of his employment by the North Georgia Warehouse Corporation, one of appellants, within the purview of the South Carolina Workmen's Statute?

The respondent was employed as a night watchman at the warehouse and premises of the appellant employer, and had been so employed for more than two years, prior to his injury. The warehouse and property of said appellant was situate on the extension of West Washington Street, City of Greenville, about twenty-five yards outside of the limits of the city, and one of its boundaries was the West Washington Street county road, which road was used by the respondent and others to enter upon the premises of this appellant. The respondent resided at Dacusville, in Pickens County, and drove an automobile to and from his place of employment from and to his home. The respondent drove his own automobile to work, furnished the necessary gas and oil to operate same, and no means of transportation was furnished him by his employer; and the time he consumed in making the trips either to and fro was not included or paid for in his wages. He was not charged with any duty while proceeding to and from his work, and his employer did not exercise any supervision or control over him during such time.

On the 14th day of October, 1945, the respondent, while on his way to work, was injured in an automobile accident on West Washington Street extension when he turned his car to the left of the highway to enter upon the premises of his employer to park his automobile in a structure consisting of stalls where employees were permitted to park

to protect their cars from the elements, prior to entering upon his duties as night watchman. Apparently, the respondent either misjudged the distance of an approaching automobile travelling this highway, but in the opposite direction to that which he had been travelling, or misjudged the speed of the approaching automobile, because as the front wheels of the respondent's automobile passed from the treated or paved portion of the public road onto the dirt shoulder of the road, or had possibly reached the premises of the employer level with the road, the automobile which he was meeting crashed into the front end and front side of his car, as a result of which the respondent was injured. (There is testimony that the automobile which the respondent was meeting veered slightly to its right before the collision, which would have been the natural impulse of the driver thereof under the circumstances.)

There were no causative defects in the highway or county road at the place where the respondent received his injury, nor was there any defect in the premises of the employer upon which the respondent was entering. The only inherent danger in travelling the road under discussion, and making a left turn across same, arose from the fact that it was a much travelled highway, and automobiles were driven thereon at considerable speed. The general public, therefore, was subjected to the same danger in making a left turn off such road.

The foregoing is a brief sketch of the pertinent and controlling facts of this case.

Upon these facts, the Hearing Commissioner awarded the respondent compensation at his compensable rate for 113 3/4 weeks, and $1,200.00 for serious bodily disfigurement. And further ordered that all medical, hospital, surgical and doctor's bills incurred as a result of said injury be the liability of the appellants. This award, on review, was affirmed by a majority of the South Carolina Industrial Commission, and on appeal to the Circuit Court was affirmed. Hence the appeal to this Court.

In a similar case, and the first case to come before this Court involving an injury to an employee while en route to his work where it was undertaken to invoke our workmen's compensation statute (*Gallman v. Springs Mills et al.*, 201 S. C. 257, 22 S. E. (2d) 715, 719), the Court discussed at length the issue raised by this appeal, and is determinative thereof. The facts of the *Gallman case* are much more favorable to an inclusion by our Workmen's Compensation Act, Code 1942, § 7035-1 *et seq.*, than are the facts of the case under discussion. There, as in this case, the employee was not paid for the time consumed in going to and returning from his work. He was walking upon and along one of the streets provided by the employer towards the place of his employment for the purpose of entering upon his work. After he had travelled approximately three-fourths of the distance between his residence (which was in the mill village) and the cotton mill, he slipped and fell at a slick place on the ice on the sidewalk portion of the street and sustained serious injuries. In denying a recovery under the Statute, this Court stated: "In the present case the respondent at the time of the accident was within a comparatively short distance of the building to which he was proceeding. If the distance had been somewhat longer, and he had used an automobile or other vehicle, and in consequence of negligence on his own or somebody else's part was injured, certainly it would be deemed clear that the accident arose out of the negligence in question, rather than the employment, and in principle there is no difference between such a case and the present case, or between the present case and a case in which the employee lives many miles from his place of employment, and is injured in the course of his trip to the mill while using a bus or other type of public vehicle, or a private conveyance".

The respondent (as did the learned Circuit Judge) relies on the decision of this Court in *Eargle v. South Carolina Electric & Gas Co. et al.*, 205 S. C. 423, 32 S. E. (2d) 240, 243. That case fully recognized the law as declared in *Gall-*

*man v. Springs Mills, supra,* but under the peculiar facts of the *Eargle case,* this Court concluded that the employee who was attempting to reach the site of his employment came within the terms of the compensation statute, expressed in the following language: "We think, under the peculiar and unusual facts of this case, that the following principle should also be made applicable: That an injury incurred by a workman in the course of his travel to his place of work and not on the premises of his employer, but in close proximity thereto, is not compensable unless the place of injury was brought within the scope of employment by an express or implied requirement in the contract of employment of its use by the servant in going to and coming from his work". The instant case is lacking in any similarity to the *Eargle case* other than the relationship of employee and employer between the respondent and the appellant, North Georgia Warehouse Corporation, and that the employee was travelling to his place of employment.

While we naturally sympathize with the respondent in his misfortune, yet, under the law we are compelled to hold that he cannot recover compensation under the Workmen's Compensation Statute of this State.

Reversed, and remanded to the Circuit Court for entry of judgment for the appellants.

FISHBURNE, TAYLOR and OXNER, JJ., concur.

STUKES, J. (dissenting).

I think this case should be decided upon the point that claimant changed from his status as a member of the general traveling public on the highway, subject only to the common dangers, and was the victim of a hazard incident to his employment when he turned and at least began to enter the employer's adjacent premises where his duties lay, especially because this was the only entrance. Turning left through highway traffic, which was his usual route to work and his only way of entering the premises, is notoriously

dangerous, and the hazards of it should be held to have been within the contemplation of the contracting parties. I am satisfied with the correctness of the circuit court judgment which I ask be reported as my dissenting opinion.

### Order of Judge Greene.

The claimant, Robert A. Hinton, was employed as a night watchman of the North Georgia Warehouse Corporation prior to October 15, 1945. On that day claimant was injured in an automobile collision on West Washington Street Extension outside the city limits of Greenville, S. C., but in the greater Greenville area. The claimant was on his way from Dacusville, S. C., which is approximately 20 miles up the road in Pickens County, to his place of employment. Just as he was turning into the property of the North Georgia Warehouse Corporation and with the front part of his automobile on the dirt between the pavement on the highway and the garage of North Georgia Warehouse Corporation he was struck by an automobile coming from the direction of Greenville, S. C. As a result of said collision claimant sustained severe injury.

At a hearing before the single commissioner of the South Carolina Industrial Commission, he took the testimony and made an award in favor of claimant. Within due time the defendants made application for a review by the full commission upon a number of grounds which will appear in the record. After a full hearing the majority commission ordered that the grounds for appeal be overruled and that the award made by the hearing commissioner be affirmed and adopted as the award of the majority commission. From the award of the majority commission defendants appealed to this court and said appeal was heard by me at the spring term of the Court of Common Pleas for Greenville County, S. C., at which hearing all parties were represented and were fully heard; and the matter was taken under advisement.

As stated above the evidence shows that at the time of the collision in which claimant was injured, the front end of

his automobile had left the pavement of the highway and was proceeding on the dirt to a stall in the garage only a few feet away on the property of the North Georgia Warehouse Corporation. The evidence also shows that the dirt area between the pavement and said garage is practically level and is only about ten feet in width and was at the time of said collision in constant use by the North Georgia Warehouse Corporation and its employees. There is evidence also to the effect that claimant and other watchmen were required by said corporation as a part of their duties to keep said dirt area clear of trespassers.

I have made a careful and thorough study of the testimony in this case and have fully considered arguments, both oral and written, of counsel for all parties and I am fully convinced that the injury to claimant in this case arose out of and in the course of his employment and is compensable under the laws of this state. It seems to me that this position is fully sustained by our Supreme Court in the case of *Eargle v. South Carolina Electric & Gas Co. et al.*, 205 S. C. 423, 32 S. E. (2d) 240, 243, which quotes with approval from the case of *Bountiful Brick Company v. Giles*, 276 U. S. 154, 48 S. Ct. 221, 72 L. Ed. 507, 66 A. L. R. 1402, as follows: "And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing with the express or implied consent of the employer, to and from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached".

There is ample evidence to sustain the findings and conclusions of the commission as to the extent of claimant's injury and his disfigurement. All of defendants' grounds for review and appeal have been fully considered and it is my opinion that they should be dismissed and the award of the South Carolina Industrial Commission approved and confirmed.

It is therefore ordered, adjudged, and decreed that defendants' appeal to this court be and the same is hereby dismissed on all grounds and that the award of the South Carolina Industrial Commission herein be and the same is hereby approved and affirmed.