16804

TROUTMAN *ET AL.* v. WILLIAMS FURNITURE CORP.
(79 S. E. (2d) 374)

*Messrs. Nash & Wilson,* of Sumter, *for Appellant,*

*Messrs. C. M. Edmunds* and *John S. Hoar,* of Sumter, *for Respondent,*

December 7, 1953.

BAKER, Chief Justice.

This is an appeal from an order of the Circuit Court reversing a finding of the South Carolina Industrial Commission that the death of claimant's decedent, Harry Troutman, an employee of the appellant, did not arise out of and in the course of his employment. The hearing Commissioner (James J. Reid) had held that the said decedent's death arose out of and in the course of his employment, but upon appeal to the full Commission, the hearing Commissioner was reversed by the other four Commissioners. The record thereabout reads:

"An appeal was duly taken to the full Commission from the award of the single Commissioner, upon exceptions raising the question that Harry Troutman was not killed in an accident arising out of and in the course of his employment by Williams Furniture Corporation.

"By order dated April 22, 1952, the Industrial Commission, Commissioner James J. Reid, Dissenting, reversed the hearing Commissioner and dismissed the claim of the claimant."

As we view the testimony in this case, even if the full Commission had affirmed the findings of fact of the hearing or single Commissioner, and the Circuit Court had affirmed the award, we would, as a matter of law, be compelled to reverse. While the record is lengthy, yet the relevant, and some of the irrelevant testimony or evidence can be stated briefly.

On February 13, 1951, Harry Troutman, an employee of the appellant, was killed while walking along Penn Street, very near to its intersection with Silver Street, both of which are public streets of the City of Sumter, approximately 300 feet from the entrance to the plant of

the appellant. Troutman was killed during his lunch hour, while on his own time, and while performing no duty for his employer, his death being caused by a collision between a truck and an automobile (station wagon) at said intersection, neither of which vehicles was owned nor the operation thereof controlled by the appellant; but had the facts been otherwise as to the ownership and control, the result of this case would not have been affected since recovery is here sought under Workmen's Compensation Act, Code 1952, § 72-1 *et seq.,* and negligence is not a factor to be considered. Therefore, the evidence tending to show that the truck had a load of lumber thereon for delivery to appellant's plant, and that the automobile (station wagon) was owned and being driven by another employee of appellant who was returning from lunch at the time of the collision, was wholly irrelevant to any issue in the case.

On the date of the death of Mr. Troutman, at noon, he punched out of the plant and he and his brother left for their home in the automobile owned by the deceased, for lunch, and having had such lunch, drove back to the vicinity of the plant of appellant, parking his car about 180 feet from an entrance gate to the plant, on Grant Street, a public street of the City of Sumter. Appellant's plant is situate on lots or land immediately to the east of Grant Street, and a wire fence surrounds the plant of appellant. The gate at which the deceased intended to enter the premises to continue his work was located at the end of Penn Street, on Grant Street. Having left his parked automobile, the deceased walked with his brother to the entrance of the gate of appellant's premises, where he decided that he wanted some chewing tobacco. There he left his brother and walked west on Penn Street for a block, to a store located at the southwestern corner of Penn and Silver Streets, where he entered and purchased chewing tobacco. Having purchased his tobacco, the deceased left the store and started back towards the plant of appellant for the

purpose of entering and punching in, walking on the right side of said public street rather than on the left side, and on the extreme edge of where the street scraper had scraped the street. Just about the time the deceased crossed the intersection of Penn Avenue and Silver Street, a collision occurred between a station wagon going east on Penn Street and a truck going south on Silver Street, and from the collision the station wagon was knocked into the deceased, from which he received a terrific blow, throwing him through the air and causing his body to strike against the front of an automobile parked on a vacant lot. It was from these injuries received at that time that Mr. Troutman died. While it is immaterial, it may also be stated that the station wagon which struck the deceased never left the scraped portion of the public thoroughfare.

On both sides of Penn Street, between Silver Street and Grant Street, the lots abutting thereon are vacant property and owned by the appellant. While the appellant does not maintain these lots as parking lots for its employees, yet its employees, or as many as can get thereon, park their cars there while working in appellant's plant, but the general public also park their cars thereon whenever it serves their convenience. It appears from the testimony that in parking on these vacant lots, those using same for such purpose do not strictly observe the dividing line between the vacant lots and the right-of-way of the street, and the probability is that cars quite often extend into the right-of-way of the street. The city owned a right-of-way 40 feet wide, and scraped or plowed a width of only about 22 feet, and the testimony is that it was only about five feet from the scraped portion of the street over to the front of the automobile against which Mr. Troutman was thrown. We mention this merely for the reason that apparently from the record respondents relied to some extent upon this fact, but just why is not clear to the writer hereof. The automobile against which the deceased was thrown was owned and had been parked there by an employee of appellant,

and such fact is also relied upon by respondents for affirmance of the order appealed from. This testimony was also wholly irrelevant.

Apparently Mr. Troutman died immediately, and whether having been thrown against the automobile parked in this vacant lot contributed to his death is purely conjectural, because the lick he received when the station wagon hit him was described by an eyewitness for respondents on direct examination, and with the aid of counsel, as being "a terrible blow" causing his body to "fly through the air * * * a long distance before he hit the Chevrolet" (the car parked on the parking lot). There is, as hereinbefore stated, other testimony in the record that the automobile into which the deceased was thrown was parked a distance of only about five feet from the edge of the scraped portion of the road, but all of this testimony was irrelevant, and immaterial.

It will be observed from the foregoing that Mr. Troutman was killed while on a public highway and about his own business, was not performing any duty for his employer, the appellant, and at a time when he was not paid for the performance of any duty for his employer. Under these circumstances this case is controlled by the decisions of this Court in *Gallman v. Springs Mill,* 201 S. C. 257, 22 S. E. (2d) 715; *Dicks v. Brooklyn Cooperage Co.,* 208 S. C. 139, 37 S. E. (2d) 286, and *Hinton v. North Georgia Warehouse Corp.,* 211 S. C. 370, 45 S. E. (2d) 591. See also *Mims v. Nehi Bottling Co.,* 218 S. C. 513, 63 S. E. (2d) 305; *Broughton v. S. C. Game and Fish Department,* 219 S. C. 50, 64 S. E. (2d) 152, and *McDonald v. E. I. Dupont De Nemours & Co.,* 223 S. C. 217, 74 S. E. (2d) 918.

The order of the Circuit Court is reversed, and the holding of the full Commission reinstated.

All of the evidence in the record is that Mr. Troutman was walking on a public street when he was struck the blow

that resulted in his death, and that the appellant did not maintain its vacant lot as a parking place for its employees. Therefore the exceptions of the appellant to the order of the Circuit Judge settling the "case" for appeal are sustained.

Reversed.

STUKES, TAYLOR and OXNER, JJ., and BRUCE LITTLEJOHN, A. A. J., concur.