THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ella Sabb, Respondent,
v.
Wal-Mart Stores Inc. and American Home Assurance,
Appellants.
 
 
 

Appeal From Richland County
 Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2006-UP-331
Submitted September 1, 2006  Filed September 19, 2006

REVERSED

 
 
 
Johnnie W. Baxley, III, of Mt. Pleasant; for Appellants.
J. Marvin Mullis, Jr., of Columbia; for Respondent.
 
 
 

PER CURIAM:  Wal-Mart Stores and American Home Assurance (collectively Wal-Mart) appeal the circuit courts decision reversing the Workers Compensation Appellate Panel (Full Commission) and finding Ella Sabb suffered a compensable injury by accident while in the course and scope of her employment with Wal-Mart.  We reverse.[1] 
FACTS
The facts in this case are undisputed.  Sabb, a cashier at Wal-Mart, was working on August 5, 2000.  During her unpaid lunch break, she decided to take advantage of the tax-free holiday and purchase school supplies for her children from Wal-Mart.  After clocking out, she remained at Wal-Mart, selected merchandise from the school supplies section of the store, and paid for her items at the cash register.  After paying for the items, she decided to exchange the red bookbag she had selected for a purple bookbag.  She informed her supervisor, Antoinette, of her intentions, and she turned to make her way to the school supplies section of the store.  Sabb slipped on a piece of wax paper near the registers, falling to the floor and injuring herself.  Her injuries included: pain in her neck and side; tingling and numbness in her left arm and running through her left hip and down her left leg; radiating pain in her neck; and fractures to two disks in her lower back.  The accident happened in the location where Sabb normally worked.  Sabb reported her injury to two supervisors and the store manager.  
Sabb sought medical treatment for her injuries and filed a workers compensation claim.  Wal-Mart denied her injury was during the scope and course of her employment because she was on her unpaid lunch break when the injury occurred.  Sabb admitted that she was on her lunch break, and she could have spent her lunch break off of Wal-Mart property if she chose to.  She argued, however, that Wal-Mart strongly encouraged employees to stay and shop at the store during their lunch break, that Wal-Mart gave employees a ten percent discount, and that she was under the control of Wal-Mart while shopping there.  Both the single commissioner and the Full Commission found Sabbs injury did not arise out of the course and scope of her employment and was not compensable.  Sabb appealed to the circuit court. 
After hearing arguments from the parties, the circuit court reversed the Full Commission and single commissioner.  The court relied on McCoy v. Easley Cotton Mills, 218 S.C. 350, 62 S.E.2d 772 (1950), and Sexton v. Freeman Gas Co., 258 S.C. 15, 187 S.E.2d 128 (1972) in finding Sabb suffered a compensable injury because she was subject to the recall and supervision of management while she was on Wal-Mart property.  Wal-Mart appeals.  
STANDARD OF REVIEW
In workers compensation cases, the Full Commission is the ultimate fact finder.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  The Full Commission makes the final determination of witness credibility and the weight to be assigned to the evidence.  Id.  In an appeal from the Full Commission, neither the circuit court nor this court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(6) (2005).  The appellate court can reverse or modify the Full Commissions decision only if the claimants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  S.C. Code Ann. § 1-23-380(A)(6)(e) (2005).  The question of whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the full commission.  Pratt v. Morris Roofing, Inc., 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004).
LAW/ANALYSIS
I.  Compensable Accident
Wal-Mart argues the circuit court erred in finding that Sabb sustained a compensable accident at work.  We agree.
In order to be compensable under the Workers Compensation Act, an injury by accident must arise out of and be in the course of employment.  S.C. Code Ann. § 42-1-160 (Supp. 2005).  An injury arises out of employment when there is a causal connection between the conditions under which work is required to be performed and the resulting injury.  Gray v. Club Group, Ltd., 339 S.C. 173, 187, 528 S.E.2d 435, 442 (Ct. App. 2000) (quoting Douglas v. Spartan Mills, Spartex Div., 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965)).  An injury occurs in the course of employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties and while fulfilling those duties or while engaged in something incidental thereto.  Id. at 187-88, 528 S.E.2d at 443. 
Personal activities that are necessary to the life, comfort, and convenience of the worker while at work, though not acts of service to the employer, are incidental to the service and any injury sustained during these activities are deemed to have arisen out of the employment for the purposes of the Workers Compensation Act.  Gibson v. Spartanburg Sch. Dist. No. 3, 338 S.C. 510, 519, 526 S.E.2d 725, 730 (Ct. App. 2000).  This personal comfort doctrine has been limited to imperative acts such as eating, drinking, smoking, seeking relief from discomfort, preparing to begin or quit work, and resting or sleeping.  Osteen v. Greenville County Sch. Dist., 333 S.C. 43, 47-48, 508 S.E.2d 21, 23 (1998).
It is the claimants burden to prove facts rendering the injury compensable under the Act.  Clade v. Champion Labs., 330 S.C. 8, 11, 496 S.E.2d 856, 857 (1998).  Workers compensation laws are to be liberally construed in favor of coverage.  Peay v. U.S. Silica Co., 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993).  
In the present case, the circuit court referred to McCoy v. Easley Cotton Mills, 218 S.C. 350, 62 S.E.2d 772 (1950), and Sexton v. Freeman Gas Co., 258 S.C. 15, 187 S.E.2d 128 (1972) in reversing the Full Commissions denial of benefits.  The court specifically noted that Sabbs claim was similar to the facts in Sexton because Sabb was permitted to leave the premises during her lunch break, but Wal-Mart encouraged her to eat on the premises and shop at Wal-Mart.  When she remained on the premises, she was subject to recall and the supervision of management.  
In McCoy, an employee lost an eye while on a smoking break when he was unintentionally struck with a copper tube by another employee.  The McCoy court found that the injury occurred in the course of the claimants employment because smoking was something permitted by the employer.  McCoy, 218 S.C. at 354, 62 S.E.2d at 773-74 (We think it is clear that the accident occurred in the course of claimants employment.  While smoking was not, of course, one the obligatory duties of his employment, yet it was something permitted by the employer.  Consequently, no break in claimants employment resulted from the fact that he temporarily left his job and walked outside the building to smoke.).  
In Sexton, a salaried employee of the gas company left work in the company vehicle on a personal errand to get a haircut.  The vehicle was equipped with a two-way radio on which he could be summoned to perform company business at any time.  After his haircut, Sexton helped extinguish a brushfire, drove back to work on the shortest route possible, and was killed when his vehicle was struck by a train.  The Sexton court held the death was compensable under the statute because although the deceased was on a personal errand, he was continuously subject to his employers control because of the two-way radio.  Sexton, 258 S.C. at 18, 187 S.E.2d at 129.  Further, the court noted that extinguishing the brush fire was not part of his employment, but he resumed the course of his employment when he was returning to the office thereafter.  Id. at 19, 187 S.E.2d at 129-30.  
We find this case is distinguishable from both Sexton and McCoy.  Sabb testified that she was not doing anything related to her job at the time of her accident.  Although there was testimony that all Wal-Mart employees were encouraged to shop in the store and were given a ten percent discount as an incentive, there was no evidence that Sabb, or any other Wal-Mart employee, was required to stay in the store during breaks.  Sabb testified that she could have left the premises during her unpaid lunch break if she chose to.  Sabb was not a salaried employee, she had set hours for work, her injury occurred during her unpaid lunch break, and there was no evidence Sabb was subject to the control of Wal-Mart during her lunch break.  Further, shopping in the store for school supplies, even though strongly encouraged by Wal-Mart, is not a personal activity that would render Sabbs injury compensable under the personal comfort doctrine as defined by our courts.  Osteen, 333 S.C. at 47-48, 508 S.E.2d at 23 (holding that activities that are considered within the scope of employment under the personal comfort doctrine include eating, drinking, smoking, seeking relief from discomfort, preparing to begin or quit work, and resting or sleeping).  
Sabb was not working at the time of her injury, was not engaged in an activity necessary to her personal comfort, and was not subject to Wal-Marts control during the time of her injury.  Shopping at Wal-Mart did not constitute a necessary personal activity pursuant to the personal comfort doctrine as in McCoy.  Further, she was not subject to Wal-Marts control during her lunch break, as the claimant in Sexton.  Thus, Sabb did not sustain an injury during the course of her employment.  See Troutman v. Williams Furniture Corp., 224 S.C. 353, 358, 79 S.E.2d 374, 376 (1953) (noting that an employees death after being hit by a car while returning to work from lunch was not an accident arising out of or within the scope of his employment where employee was killed while on a public highway and about his own business, was not performing any duty for his employer, the appellant, and at a time when he was not paid for the performance of any duty for his employer). 
There was substantial evidence in the record to support both the single commissioners and the Full Commissions findings that Sabbs injuries did not occur within the scope of her employment.  Accordingly, we find the circuit court erred in reversing the Full Commissions decision to uphold the denial of benefits.   
II.  Substantial Evidence
Wal-Mart also alleges the circuit court exceeded its authority in reversing the Full Commission because there was substantial evidence to support the Full Commissions findings.  We agree.
The Full Commission is the ultimate fact finder in workers compensation cases.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  These factual findings must be upheld unless they are not supported by the substantial evidence of record or unless the decision is affected by an error of law.  S.C. Code Ann. § 1-23-380(A)(6) (2005).  Whether an accident arises out of and is in the course and scope of employment is largely a question of fact for the full commission.  Pratt v. Morris Roofing, Inc., 357 S.C. 619, 622, 594 S.E.2d 272, 274 (2004).  
The single commissioner found that: Sabb was not performing any work-related activities at the time of her accident; her activities at that point were strictly personal in nature; her activities were not a natural incident of her employment; and there was no causal connection between her injury and her employment.  The single commissioner also found that Sabbs activities did not fall within the personal comfort doctrine and were not required by her employment.  Thus, the single commissioner found Sabb failed to prove her injury arose out of and in the course of her employment and denied benefits.  The Full Commission adopted the single commissioners findings and upheld the denial of benefits.  The circuit court, however, found that Sabb was subject to recall and the supervision of management while she was on Wal-Mart property.  Thus, the court found her injury was compensable.  
There is substantial evidence in the record to support the single commissioners and the Full Commissions findings that Sabbs activities were not within the scope of her employment.  By contrast, there is nothing in the record to support the circuit courts finding that Sabb was subject to recall or the supervision of management while she was shopping at Wal-Mart.  Because the Full Commissions finding that Sabbs accident did not arise within the scope of her employment was supported by substantial evidence, the circuit court should have upheld the finding instead of making a new finding of fact.  Accordingly, the circuit court exceeded its scope of review. 
CONCLUSION
Because Sabbs injury did not occur within the scope of her employment, she was not entitled to Workers Compensation benefits.  Further, the circuit court exceeded its authority by ignoring the Full Commissions findings that were supported by the record and by making new findings of fact.  Accordingly, the order of the circuit court is reversed and the Full Commissions findings are reinstated.  
REVERSED.
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.